[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties come to the court on a Motion to Dismiss Application for Relief from Abuse filed by the defendant. The defendant claims that the application should be dismissed because this court lacks jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA).
The facts are as follows: the parties, who lived together in Oklahoma, separated in April 1998. The plaintiff and the minor child moved to Connecticut and have resided in this jurisdiction since that time. A dissolution action was started in Oklahoma by the defendant in January 1999. The Application for Relief from Abuse was granted, ex parte, to the plaintiff in Connecticut with orders concerning the minor child on May 18, 1999. On May 19, 1999, the defendant obtained a default judgment in Oklahoma against the plaintiff with certain orders of custody.
The defendant argues that Oklahoma is the home state for the minor child under the UCCJA and therefore, Connecticut must give full faith and credit to the Oklahoma decree. The home state is defined as where the child has resided "immediately preceding the time involved" for at least six consecutive months. As previously stated, the plaintiff and the child left the State of Oklahoma in April 1998. This was nine months prior to the start of the Oklahoma action. The six consecutive months immediately preceding the time of January 1999, the minor child resided in Connecticut. Additionally, the plaintiff left Oklahoma before there were any orders of custody established by that State. Finally, the court will note that the defendant received a default judgment from Oklahoma. Our courts have exercised jurisdiction where a foreign judgment has entered upon default after the child left the foreign jurisdiction and was residing in Connecticut. Davila v.Hayes 2 Conn. L. Repr. 207 (1990).
Alternately, the defendant argues if UCCJA does not apply, then the Parental Kidnaping Prevention Act (PKPA), CT Page 954828 U.S.C. § 1738A should be applied as federal law has supremacy over state law. The supremacy clause of the constitution operates only where there is a conflict such as to prevent a third state from becoming an intermeddler. That scenario does not exist in this case. States have always had the right to determine jurisdiction in child custody matters as such a determination involves the best interest of its citizens. Note, the federal judiciary has no experience in family matters and therefore, it deters to the states to make the determination.
Furthermore, the PKPA only differs from the UCCJA in that it relies on a home state jurisdiction preference while the UCCJA allows jurisdiction under either the home state preference or significant connectors test. The court finds that Connecticut is the home state of the minor child under either the federal or state law. There is no need for an application of the PKPA since there is no conflict between the state law. The court is not persuaded that an absence by the plaintiff from the State of Oklahoma of almost a year can be deemed "temporary", thereby allowing Oklahoma to be the home state of the minor child and forcing the litigation to be indefinitely bound to that State.
Lastly, since this action began as a 46b-15 application, the court finds that the intent of this statute was to protect the citizens of Connecticut from conduct alleged in the application. The court may fashion any orders it deems appropriate under the statute. This may include the limitation or denial of custody and visitation for a minor child if the Court feels that there is a fear of immediate physical harm. Accordingly, for all the above stated reasons, the defendant's Motion to Dismiss is denied.
Moore, J.